UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHATISHA FLOWERS,

      Plaintiff,

v.

      Case No. 25-cv-2641-TC-JBW

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY/KANSAS CITY, KANSAS,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER FOR HARASSMENT AND STALKING

This matter comes before the Court on Plaintiff's Motion for Protective Order for Harassment and Stalking (Dkt. 19). Plaintiff, who is proceeding *pro se*, requests the Court enter a protective order prohibiting Defendant from "harassing and stalking" her, her family members, and neighbors. Plaintiff alleges that, on March 12, 2026, an individual dressed as a roofer knocked on her door and asked to gain entrance to her residence. When she reviewed her surveillance cameras, she saw the individual use what she believed to be a wifi jammer to stop the cameras from recording. Two days later, another individual dressed as a roofer knocked on her door again asking to gain entry to her residence. Then again on April 7, 2026, four more individuals knocked on Plaintiff's door and five of her neighbors' doors. Plaintiff alleges that on countless other times individuals sit in front of her residence, walk, or ride bikes taking photos of her continuously. Plaintiff believes these individuals to be private investigators hired by Defendants to harass her. Plaintiff states she emailed Defendants' counsel but received no response. She filed her motion on April 7, 2026. Defendants did not file any response.

Plaintiff's motion appears largely based on her belief these individuals were hired by Defendants to harass and stalk her, presumably to get her to dismiss this lawsuit. However, Plaintiff provides no support for her belief these individuals, who she describes were "dressed as roofers," are acting at the direction of Defendants to knock on her door and linger around her residence and her neighbors. They could simply be roofers looking for work in her neighborhood. Plaintiff also provides no legal authority for her requested relief. While Federal Rule of Civil Procedure 26(c) permits a court to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," this discovery rule protects a party "from whom discovery is sought" and is not applicable here. The Court does have the inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."[1] But here Plaintiff has not provided any support for her allegations the individuals are acting at the direction of Defendant or that Defendant is responsible for the alleged harassment. If these unknown individuals' conduct continues to persist and Plaintiff believes it constitutes criminal activity or gives rise to civil liability, she is free to pursue those matters with the local law enforcement or with the appropriate court. But for purposes of this federal case, the Court finds no basis or authority to take any action on Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order for Harassment and Stalking (Dkt. 19) is DENIED.

---

[1] *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Queen v. Kansas City, Kan. Police Dep't*, No. 25-CV-2292-JAR-TJJ, 2025 WL 3769127, at *1 (D. Kan. Dec. 31, 2025) (entering an order prohibiting a party from sending abusive, harassing or threatening emails under the court's inherent authority).

IT IS SO ORDERED.

Dated May 21, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge